

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.

D-1   KOREY SANDERS,
    a/k/a "No Loan Corleon,"
    "Staxs"
D-2   JERRAY KEY,
    a/k/a "Chino," "Dre"
D-3   DESHAWN LANGSTON,
    a/k/a "Pook," "Slips"
D-4   RICHARD LANGSTON,
    a/k/a "Dub," "Rich," "Blow"
D-5   HAKEEM BUNNELL,
    a/k/a "LB Dub"
D-6   KEENAN NIELBOCK,
    a/k/a "Dolla," "Keno"
D-7   CARAUN KEY,
    a/k/a "Luch," "Ron," "Slick"
D-8   DARRYL KEY,
    a/k/a "DB," "Big Baby"
D-9   TYREE WILLIAMS,
    a/k/a "Snoop"
D-10  ROMALE GIBSON,
    a/k/a "Santana"
D-11  CARY DAILEY,
    a/k/a "Cease"
D-12  ANTONIO LANGSTON,
    a/k/a "Tone"
D-13  CARLOS DAVIS,
    a/k/a "Los," "Loso"
_____/

Case: 2:17-cr-20740
Judge: Drain, Gershwin A.
MJ: Stafford, Elizabeth A.
Filed: 11-01-2017 At 09:35 AM
INDI USA v. SEALED (SO)

18 U.S.C. § 1962(d);
18 U.S.C. § 1959(a)(3);
18 U.S.C. § 924(c)(1)(A)(ii);
18 U.S.C. § 924(c)(1)(A)(iii);
18 U.S.C. § 922(a)(1)(A);
18 U.S.C. § 2

## **INDICTMENT**

THE GRAND JURY CHARGES:

1

## COUNT ONE

### 18 U.S.C. 1962(d) – *RICO Conspiracy*

D-1  KOREY SANDERS
D-2  JERRAY KEY
D-3  DESHAWN LANGSTON
D-4  RICHARD LANGSTON
D-5  HAKEEM BUNNELL
D-6  KEENAN NIELBOCK
D-7  CARAUN KEY
D-8  DARRYL KEY
D-9  TYREE WILLIAMS
D-10 ROMALE GIBSON
D-11 CARY DAILEY
D-12 ANTONIO LANGSTON
D-13 CARLOS DAVIS

### The Enterprise

1.      The Smokecamp street gang, which has been referred to historically as "Runyon Boys," "Original Paid Bosses," and "Paid Bosses Inc.," and hereinafter referred to as "Smokecamp/OPB," is a street gang that operates primarily on the east side of Detroit, Eastern District of Michigan, specifically the area in and around Albion Street and Seven Mile, an area Smokecamp/OPB members refer to as "ABlock." This area is within a larger territory on Detroit's east side claimed by the Bloods street gang known as the "Red Zone." The OPB changed their name to Smokecamp in honor of OPB member Leso Spivey, a/k/a "Smoke," who was killed in 2012.

2

2.     Smokecamp/OPB members utilize a variety of unifying marks, manners, and identifiers, including "gang signs," clothing, and tattoos that are specific to the organization.  A common symbol is the five-pointed star, a hand sign of a lowercase "b," or a crown with five points which represents the fact that the Smokecamp/OPB align themselves with the Bloods street gang.  Smokecamp/OPB members will also identify themselves with the number "724" which stands for the numbers on a keypad that a person would push to type out PBI.  Members will often tattoo themselves with these gang symbols.  Many of the Smokecamp/OPB symbols, clothing, and sayings attempt to differentiate themselves from or disrespect their rivals.  The Smokecamp/OPB colors are predominately red, which the gang members signify by wearing red clothing, hats, and bandanas.

3.     Smokecamp/OPB members and associates regularly use social networking websites such as Facebook, Instagram, Twitter, and YouTube, to post photographs, videos, and statements that identify and highlight their affiliation with the enterprise, as well as their gang-related accomplishments, thereby glorifying and perpetuating Smokecamp/OPB.  Certain Smokecamp/OPB members are also heavily involved in the rap music scene.  These members regularly post videos of their rap music and discuss

their gang affiliation and accomplishments via rap.  Smokecamp/OPB have a close relationship with "Glogang Entertainment."

4.     The enterprise makes its money predominately through the sale and distribution of controlled substances, including cocaine, cocaine base (commonly known as "crack cocaine"), heroin, marijuana, codeine promethazine (commonly known as "lean" or "drank"), 3,4-methylenedioxymethamphetamine (or MDMA, also known as "ecstacy" or "molly"), and various prescription pills. Smokecamp/OPB members regularly sell these controlled substances on the "ABlock," outside of vacant houses known as "trap houses," and businesses in the area of Seven Mile and Albion including the Sunoco gas station, Fresh Fish market, 7 Mile Liquor Store, and MetroPCS store fronts. Additionally, between approximately 2014 – 2015, Smokecamp/OPB members regularly sold controlled substances from an apartment complex located at 11178 East Seven Mile, which they branded the "Plaga," sharing workers and firearms to distribute and protect their narcotics. Numerous members, including KOREY SANDERS, JERRAY KEY, KEENAN NIELBOCK, RICHARD LANGSTON, and ROMALE GIBSON JR., utilize social media to advertise and sell narcotics. Finally, Smokecamp/OPB members also travel to West Virginia, Ohio, and Kentucky to sell controlled substances.

4

## The Enterprise

5.     At all times relevant to this Count of the Indictment, in the Eastern District of Michigan, West Virginia, Kentucky, Ohio, and elsewhere, the Smokecamp/OPB, including its leadership, members, and associates constituted an enterprise, as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, that was engaged in, and the activities of which affected, interstate and foreign commerce.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.  At various times relevant to this Indictment, KOREY SANDERS, JERRAY KEY, DESHAWN LANGSTON, RICHARD LANGSTON, HAKEEM BUNNELL, KEENAN NIELBOCK, CARAUN KEY, DARRYL KEY, TYREE WILLIAMS, ROMALE GIBSON, CARY DAILEY, ANTONIO LANGSTON, CARLOS DAVIS, and others, were members and associates of the Smokecamp/OPB.

## Purposes of the Enterprise

6.     The purposes of the enterprise included the following:

a.     Maximizing profits for enterprise members from a variety of illegal activity;

5

b.      Preserving and protecting the power, territory, and profits of the enterprise through the use of intimidation and violence, including assaults and threats of violence;

c.      Promoting and enhancing the enterprise and its members' and associates' activities; and

d.      Keeping victims in fear of the enterprise and in fear of its members and associates through threats of violence and violence.

### Manner and Means of the Enterprise

7.      The manner and means used by the enterprise to further the goals of the enterprise and achieve its purposes included, but was not limited to, the following:

a.      Members of the enterprise and their associates committed, conspired, attempted and threatened to commit acts of violence including acts involving assaults with dangerous weapons to protect and expand the enterprise's criminal operations.

b.      Members of the enterprise and their associates promoted a climate of fear through violence and threats of violence.

c.      Members of the enterprise and their associates used and threatened to use physical violence against various individuals.

    d.  Members of the enterprise and their associates distributed controlled substances and transported and distributed proceeds from the sale of controlled substances.

    e.  Members of the enterprise engaged in acts of robbery and extortion.

The Racketeering Conspiracy

  8.  Beginning on a date unknown, but starting no later than the year 2007, and continuing to the date of this Indictment, in the Eastern District of Michigan, West Virginia, Kentucky, Ohio, and elsewhere,

KOREY SANDERS
JERRAY KEY
DESHAWN LANGSTON
RICHARD LANGSTON
HAKEEM BUNNELL
KEENAN NIELBOCK
CARAUN KEY
DARRYL KEY
TYREE WILLIAMS
ROMALE GIBSON
CARY DAILEY
ANTONIO LANGSTON
CARLOS DAVIS

and other persons not named in this Indictment, being persons associated with the Smokecamp/OPB, which enterprise is described more fully in Paragraphs 1 through 7 above, which was engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly, willfully and

7

unlawfully combine, conspire, confederate, and agree with one another to violate Title 18, United States Code, Section 1962(c); that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of said enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Section 1961(1) and (5), consisting of multiple:

     a.    Threats and acts involving robbery, in violation of Michigan Compiled Laws, Sections 750.529, 750.157a(a), 750.92, and 767.39; and

     b.    Threats and acts involving extortion, in violation of Michigan Compiled Laws, Sections 750.213, 750.157a(a), 750.92, and 767.39;

     c.    Offenses involving trafficking of controlled substances, in violation of Title 21, United States Code, Sections 841 and 846;

     d.    Acts indictable under Title 18, United States Code, Section 1956 (money laundering); and

     e.    Acts indictable under Title 18, United States Code, Section 1512 (witness intimidation).

     9.    It was part of the conspiracy that defendants, KOREY SANDERS, JERRAY KEY, DESHAWN LANGSTON, RICHARD LANGSTON, HAKEEM BUNNELL, KEENAN NIELBOCK, CARAUN KEY, DARRYL KEY, TYREE WILLIAMS, ROMALE GIBSON, CARY DAILEY,

ANTONIO LANGSTON, CARLOS DAVIS, and others, known and unknown to the grand jury, each agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the enterprise.

Overt Acts

In furtherance of the conspiracy, and to affect the object and purposes thereof, the defendants, and others known and unknown to the grand jury, committed various overt acts, including but not limited to the following:

(1)   On or about September 25, 2017, KOREY SANDERS sold heroin to an undercover ATF agent.

(2)   On or about September 22, 2017, KOREY SANDERS sold heroin to an undercover ATF agent.

(3)   On or about September 14, 2017, KOREY SANDERS sold heroin to an undercover ATF agent.

(4)   On or about May 20, 2017, TYREE WILLIAMS posted a status update on Facebook stating, "Everybody blood na, how many of y'all niggas kno yall literature?"

(5)   On or about April 13, 2017, ROMALE GIBSON JR possessed heroin in Richmond, Kentucky.

(6)   On or about April 10, 2017, KOREY SANDERS distributed heroin.

(7)   On or about March 23, 2017, KOREY SANDERS posted a photograph of himself on Instagram with the caption, "Trappin like I gotta point to prove."

(8)   On or about February 28, 2017, RICHARD LANGSTON, DESHAWN LANGSTON, Smokecamp/OPB enterprise member A, and another individual were found at 18910 Albion in possession of marijuana.

(9)   On or about February 5, 2017, KEENAN NIELBOCK and RICHARD LANGSTON engaged in phone conversation via Facebook shortly after NIELBOCK sent a message to LANGSTON stating, "I need bud kermit."

(10)  On or about January 31, 2017, RICHARD LANGSTON possessed marijuana, a digital scale, and narcotics packaging material at 18693 Beland, Detroit, MI.

(11)  On or about January 24, 2017, DESHAWN LANGSTON and another individual possessed marijuana, digital scale, and a firearm at 19618 Annott, Detroit, MI.

(12)  On or about January 7-10, 2017, KEENAN NIELBOCK was utilizing social media to find out if anyone had a robbery lined up that he could participate in since he needed money.

(13) On or about August 26, 2016, Detroit Police officers found ROMALE GIBSON JR in possession of a firearm.

(14) On or about August 26, 2016, ROMALE GIBSON JR exchanged gunfire with members of the East Warren street gang and used the firearm sold to him by JERRAY KEY.

(15) On or about August 25, 2016, JERRAY KEY sold a firearm to ROMALE GIBSON JR.

(16) On or about August 25, 2016, DESHAWN LANGSTON was attempting to sell controlled substances.

(17) On or about August 24, 2016, ROMALE GIBSON JR exchanged gunfire with members of the East Warren gang.

(18) On or about July 28, 2016, HAKEEM BUNNELL posted a status update on Facebook stating, "If u ever talk down about smokecamp yo life will be shorter."

(19) On or about June 18, 2016, HAKEEM BUNNELL posted a status update on Facebook stating, "I'ma smokecamp 724 Runyon Ave nigga."

(20) On or about June 6, 2016, RICHARD LANGSTON sold a quantity of heroin.

(21) On or about May 31, 2016, JERRAY KEY sent a photograph to Smokecamp/OPB enterprise member B of KEY and KOREY SANDERS

standing in the hallway at the "Plaga" with the caption, "This is me and STAXS."

(22)   On or about January 4, 2016, KOREY SANDERS posted a status update on Facebook stating, "Free Snoop soon as my boy touch down we back at it #PlagaLife."

(23)   On or about December 20, 2015, DESHAWN LANGSTON and HAKEEM BUNNELL were at the Fish n' Chicken restaurant at the corner of Seven Mile and Albion, Detroit, MI in possession of marijuana.

(24)   On or about October 2, 2015, Smokecamp/OPB enterprise member A told the Detroit Police that he resided at 11178 Seven Mile when he was found in possession of narcotics.

(25)   On or about September 22, 2015, KOREY SANDERS posted a photograph of himself on Facebook standing in front of the Sunoco gas station on the corner of Seven Mile and Albion with the caption, "Served my first bag on runyon."

(26) On or about July 10, 2015, KOREY SANDERS and Smokecamp/OPB member C discuss, in a recorded phone call, how to make Smokecamp/OPB a "strong team," and how Los [CARLOS DAVIS] and Snoop [TYREE WILLIAMS] need to be "coached" when it comes to the "money shit."

(27)   On or about June 10, 2015, RICHARD LANGSTON possessed marijuana and narcotics packaging material.

(28)   On or about March 2, 2015, JERRAY KEY posted on Facebook stating, "THE 7MILE HOOVER GAS STATION WE. LEGENDS AT THE BITCH DID A LOT FUCKED UP SHIT UP THERE WENT TO JAIL SO MANY TIMES UP THERE GOT CAUGHT WIT WORK UP THERE IM NOT BRAGGING JUST THINKING ABOUT A LOT OF SHIT I BEEN THREW I DONT EVEN GO THERE NO MO AT ALL THAT BITCH CURSED #FREEFISH    #FREEBJ    #FREELUCH    #CRAZYJ    #FREETONE #FREEJBLACK #FREEDAVO #FREELO."

(29)   On or about February 19, 2015, ROMALE GIBSON JR posted on Facebook, "My Plug Outta Town So good I wanna Bless My Guys With It So We All Can Ball #Smokecamp."

(30)   On or about December 27, 2014, KEENAN NIELBOCK sent a message to Smokecamp/OPB enterprise member B stating, "Nah it ain't even no shit like that gig niggas bosses til the coffin rt niggas just on that rap shit under smoke camp so niggas don't get hemmed up by the boyz you know niggas paid bosses trap 247."

(31) On or about November 10, 2014, DARRYL KEY possessed marijuana at the at the Sunoco gas station on the corner of Seven Mile and Hoover, Detroit, MI.

(32) On or about October 24, 2014, HAKEEM BUNNELL and CARLOS DAVIS robbed D.G. at gunpoint.

(33) On or about September 22, 2014, KOREY SANDERS sent a message on Facebook to L.P. stating, "You plan a dirty game tryna in criminate niggas on social sites..Be careful."

(34) On or about August 30, 2014, HAKEEM BUNNELL robbed A.R. and S.K. in Harper Woods, MI.

(35) On or about August 25, 2014, TYREE WILLIAMS, and others, shot at L.P. and others in Detroit, Michigan.

(36) On or about July 20, 2014, CARAUN KEY and TYREE WILLIAMS used a straw purchaser to buy a Mossberg .22 caliber semiautomatic rifle for KEY's use.

(37) Between June and September 2014, CARAUN KEY and TYREE WILLIAMS made multiple trips between Detroit, MI and Morgantown, WV.

(38) On or about June 8, 2014, JERRAY KEY posted a photograph on Facebook with the caption, "ABLOCK CLICKHOUSE WE DID IT ALL

HERE WHAT EVER YOU NAME POLICE RAIDS AK AR PUMPS GLOCK 9 45 #ABLOCK FOR LIFE."

(39) On or about April 15, 2014, JERRAY KEY and ROMALE GIBSON JR communicate on social media discussing utilizing Smokecamp/OPB members to bring illegal narcotics from the Detroit, Michigan area to Kentucky.

(40) On or about February 13, 2014, JERRAY KEY posted a status update on Facebook stating, "What the fuck I need shooters for when I got Snoop what the fuck I need shooters fo when I got Dub Luch Loso Davo Black Fish BJ Smokecamp all shoot shit up on big smoke ain't no hoe in are bloodline."

(41) During 2014, JERRAY KEY, CARY DAILEY, and CARAUN KEY received money via Western Union that was proceeds of narcotic sales in West Virginia.

(42) On or about October 24, 2013, RICHARD LANGSTON possessed marijuana near the area of Seven Mile and Hoover, Detroit, MI.

(43) On or about June 3, 2013, ANTONIO LANGSTON threatened to shoot S.K. and pointed a gun at S.K.

(44) On or about June 3, 2013, ANTONIO LANGSTON robbed S.T. and S.P. at gunpoint in the parking lot of the East 7 Mile Liquor Store.

(45)   On or about February 26, 2013, CARLOS DAVIS possessed of a Remington .336 rifle and a 20-gauge shotgun at 19339 Albion, Detroit, MI with HAKEEM BUNNELL present.

(46)   On or about January 25, 2013, DARRYL KEY, JERRAY KEY, TYREE WILLIAMS, and HAKEEM BUNNELL were found together at 19339 Albion, Detroit, MI with heroin.

(47)   On or about April 23, 2012, TYREE WILLIAMS possessed marijuana at the Sunoco gas station on the corner of Seven Mile and Hoover, Detroit, MI.

(48)   On or about May 13, 2011, DESHAWN LANGSTON threatened to kill S.K.

(49)   On or about April 20, 2011, JERRAY KEY, DESHAWN LANGSTON, ANTONIO LANGSTON, DARRYL KEY, CARY DAILEY, Smokecamp/OPB enterprise member A, and others were found in a vacant building at 19149 Hoover Street, Detroit, MI with controlled substances including marijuana and ecstasy pills.

(50)   On or about August 13, 2010, ANTONIO LANGSTON was at the East 7 Mile Liquor Store on the corner of Seven Mile and Runyon, Detroit, MI selling narcotics.

(51) On or about August 12, 2010, JERRAY KEY, KOREY SANDERS, and others were found in a vacant building at 19180 Runyon Street, Detroit, MI.

(52) On or about June 2, 2010, DESHAWN LANGSTON possessed marijuana near Seven Mile and Annott, Detroit, MI.

(53) On or about August 10, 2009, JERRAY KEY, DESHAWN LANGSTON, ANTONIO LANGSTON, RICHARD LANGSTON, CARY DAILEY, and others were found in a vacant building at 19143 Teppert Street, Detroit, MI with marijuana.

(54) On or about June 8, 2009, CARY DAILEY possessed marijuana at the Royal Fish n' Chicken restaurant on the corner of Seven Mile and Albion, Detroit, MI.

(55) On or about April 22, 2009, DARRYL KEY possessed marijuana at the Sunoco gas station on the corner of Seven Mile and Hoover, Detroit, MI.

(56) On or about April 13, 2009, JERRAY KEY possessed marijuana at the Sunoco gas station on the corner of Seven Mile and Hoover, Detroit, MI.

(57)   On or about March 25, 2009, RICHARD LANGSTON possessed marijuana at the East 7 Mile Liquor Store on the corner of Seven Mile and Runyon, Detroit, MI.

(58)   On or about November 7, 2007, JERRY KEY, DARRYL KEY, CARLOS DAVIS, and others were found together at the East 7 Mile Liquor Store on the corner of Seven Mile and Runyon, Detroit, MI.

(59)   On or about October 23, 2007, CAREY DAILEY and RICHARD LANGSTON were found together at the East 7 Mile Liquor Store on the corner of Seven Mile and Runyon, Detroit, MI.

### Notice of Acts with Enhanced Sentencing

1.   On or about June 3, 2013, in the Eastern District of Michigan, and elsewhere, enterprise member ANTONIO LANGSTON engaged in conduct as proscribed in Michigan Compiled Law Section 750.529, that is, in the course of committing a larceny of any money or property that may be the subject of larceny did, in the course of engaging in that conduct possessed a dangerous weapon, or an article used or fashioned in a manner to lead any person present to reasonably believe the article was a dangerous weapon, or represented orally or otherwise that he or she was in possession of a dangerous weapon, all in violation of Michigan Compiled Laws, Sections 750.529 and 750.530 and engaged in conduct as proscribed in Michigan

Compiled Law Section 750.89, that is, being armed with a dangerous weapon, or any article used or fashioned in a manner to lead a person so assaulted reasonably to believe it to be a dangerous weapon, did assault another with intent to rob and steal, all in violation of Michigan Compiled Laws, Section 750.89.

2.   On or about August 30, 2014, in the Eastern District of Michigan, and elsewhere, enterprise member HAKEEM BUNNELL engaged in conduct as proscribed in Michigan Compiled Law Section 750.529, that is, in the course of committing a larceny of any money or property that may be the subject of larceny did, in the course of engaging in that conduct possessed a dangerous weapon, or an article used or fashioned in a manner to lead any person present to reasonably believe the article was a dangerous weapon, or represented orally or otherwise that he or she was in possession of a dangerous weapon, all in violation of Michigan Compiled Laws, Sections 750.529 and 750.530 and engaged in conduct as proscribed in Michigan Compiled Law Section 750.89, that is, being armed with a dangerous weapon, or any article used or fashioned in a manner to lead a person so assaulted reasonably to believe it to be a dangerous weapon, did assault another with intent to rob and steal, all in violation of Michigan Compiled Laws, Section 750.89.

3.   On or about October 24, 2014, in the Eastern District of Michigan, and elsewhere, enterprise members HAKEEM BUNNELL and CARLOS DAVIS, aided and abetted by each other, engaged in conduct as proscribed in Michigan Compiled Law Section 750.529, that is, in the course of committing a larceny of any money or property that may be the subject of larceny did, in the course of engaging in that conduct possessed a dangerous weapon, or an article used or fashioned in a manner to lead any person present to reasonably believe the article was a dangerous weapon, or represented orally or otherwise that he or she was in possession of a dangerous weapon, all in violation of Michigan Compiled Laws, Sections 750.529 and 750.530 and engaged in conduct as proscribed in Michigan Compiled Law Section 750.89, that is, being armed with a dangerous weapon, or any article used or fashioned in a manner to lead a person so assaulted reasonably to believe it to be a dangerous weapon, did assault another with intent to rob and steal, all in violation of Michigan Compiled Laws, Section 750.89.

All in violation of 18 U.S.C. § 1962(d).

20

## **COUNT TWO**

18 U.S.C. §§ 1959(a)(3); 2 – *Assault with a Dangerous Weapon in Aid of Racketeering*

D-9   TYREE WILLIAMS

1.     At all times relevant to this Indictment, there existed an enterprise, the Smokecamp/OPB as more fully described in Paragraphs One through Seven of Count One of this Indictment, which are re-alleged and incorporated by reference as though set forth fully herein.  The Smokecamp/OPB, including its leadership, members and associates constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that was engaged in, and the activities of which affected, interstate and foreign commerce.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

2.     At all times relevant to this Indictment, the above-described enterprise, the Smokecamp/OPB, through its members and associates, engaged in racketeering activity as defined by Sections 1959(b)(1) and 1961(1) of Title 18, United States Code, namely acts involving robbery and extortion, in violation of Michigan State Law, offenses involving trafficking in controlled substances, indictable under 21 U.S.C. §§ 841 and 846, acts

indictable under 18 U.S.C. § 1956 (money laundering), and acts indictable under 18 U.S.C. § 1512 (witness intimidation).

3. On or about August 25, 2014, in the Eastern District of Michigan, Southern Division, TYREE WILLIAMS, and others, known and unknown to the grand jury, aided and abetted by each other and others known and unknown to the grand jury, did, for the purpose of maintaining and increasing position in Smokecamp/OPB, an enterprise engaged in racketeering activity, knowingly and unlawfully assault L.P. and others with a dangerous weapon; in violation of Michigan Compiled Laws, Sections 750.82 and 767.39.

All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

## COUNT THREE

18 U.S.C. §§ 924(c)(1)(A)(iii); 2 – *Use and Carry of a Firearm During, and in Relation to, a Crime of Violence*

D-9  TYREE WILLIAMS

On or about August 25, 2014, in the Eastern District of Michigan, Southern Division, and elsewhere, TYREE WILIAMS, and others, known and unknown to the grand jury, aided and abetted by each other and others known and unknown to the grand jury, did knowingly, intentionally, and unlawfully carry and use a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is,

assault with a dangerous weapon in aid of racketeering, as alleged in Count Two, and said firearm was discharged, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.

### COUNT FOUR

18 U.S.C. §§ 1959(a)(3); 2 – *Assault with a Dangerous Weapon in Aid of Racketeering*

D-5   HAKEEM BUNNELL
D-13  CARLOS DAVIS

1.      Paragraphs One – Two of Count Two are re-alleged herein as if fully incorporated in this Count.

2.      On or about October 24, 2014, in the Eastern District of Michigan, Southern Division, HAKEEM BUNNELL and CARLOS DAVIS, aided and abetted by each other, did, for the purpose of maintaining and increasing position in Smokecamp/OPB, an enterprise engaged in racketeering activity, knowingly and unlawfully assault D.G. with a dangerous weapon; in violation of Michigan Compiled Laws, Sections 750.82 and 767.39.

All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

## COUNT FIVE

18 U.S.C. §§ 924(c)(1)(A)(ii); 2 – *Use and Carry of a Firearm During, and in Relation to, a Crime of Violence*

D-5   HAKEEM BUNNELL
D-13   CARLOS DAVIS

On or about October 24, 2014, in the Eastern District of Michigan, Southern Division, and elsewhere, HAKEEM BUNNELL and CARLOS DAVIS, aided and abetted by each other, did knowingly, intentionally, and unlawfully carry and use a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, assault with a dangerous weapon in aid of racketeering, as alleged in Count Four, and said firearm was brandished, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.

## COUNT SIX

18 U.S.C. § 922(a)(1)(A) –*Willful Engagement in Firearms Business Without a License*

D-2   JERRAY KEY

On or about August 25, 2016, in the Eastern District of Michigan, Southern Division, JERRAY KEY, not being a licensed dealer of firearms, within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms, in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a) and 924(a)(1)(D).

24

## **COUNT SEVEN**

18 U.S.C. § 922(a)(1)(A) –*Willful Engagement in Firearms Business Without a License*

D-2  JERRAY KEY

On or about December 1, 2015, in the Eastern District of Michigan, Southern Division, JERRAY KEY, not being a licensed dealer of firearms, within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms, in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a) and 924(a)(1)(D).

## **COUNT EIGHT**

18 U.S.C. § 922(a)(1)(A) –*Willful Engagement in Firearms Business Without a License*

D-1  KOREY SANDERS

On or about August 31, 2015, in the Eastern District of Michigan, Southern Division, KOREY SANDERS, not being a licensed dealer of firearms, within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms, in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a) and 924(a)(1)(D).

## COUNT NINE

18 U.S.C. § 922(a)(1)(A) –*Willful Engagement in Firearms Business Without a License*

D-1  KOREY SANDERS

On or about April 17, 2014, in the Eastern District of Michigan, Southern Division, KOREY SANDERS, not being a licensed dealer of firearms, within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms, in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a) and 924(a)(1)(D).

## COUNT TEN

18 U.S.C. § 922(a)(1)(A) –*Willful Engagement in Firearms Business Without a License*

D-6  KEENAN NIELBOCK

On or about October 18, 2016, in the Eastern District of Michigan, Southern Division, KEENAN NIELBOCK, not being a licensed dealer of firearms, within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms, in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a) and 924(a)(1)(D).

## **COUNT ELEVEN**

18 U.S.C. § 922(a)(1)(A) –*Willful Engagement in Firearms Business Without a License*

D-13 CARLOS DAVIS

Between on or about January 15 – February 2, 2017, in the Eastern District of Michigan, Southern Division, CARLOS DAVIS, not being a licensed dealer of firearms, within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms, in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a) and 924(a)(1)(D).

## FORFEITURE ALLEGATIONS
## RICO FORFEITURE

The allegations contained in Count One of this Second Superseding Indictment are hereby repeated, re-alleged, and incorporated by reference herein as though fully set forth at length for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 1963. Pursuant to Federal Rule of Criminal Procedure Rule 32.2, notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 1963 in the event of any defendant's conviction under Counts One and Two of this Indictment.

As a result of committing the offense charged in Count One of this Indictment, the defendants, KOREY SANDERS, JERRAY KEY, DESHAWN LANGSTON, RICHARD LANGSTON, HAKEEM BUNNELL, KEENAN NIELBOCK, CARAUN KEY, DARRYL KEY, TYREE WILLIAMS, ROMALE GIBSON, CARY DAILEY, ANTONIO LANGSTON, AND CARLOS DAVIS:

1.    Have acquired and maintained interests in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1); and

2.    Have property constituting and derived from proceeds

obtained, directly and indirectly, from racketeering activity, in violation of Title 18, United States Code, Section 1962, which property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(3).

The interests of the defendants subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1) and (a)(3), include but are not limited to, a sum that represents the gross proceeds received by the defendants pursuant to their racketeering activities as charged in Count One of the Indictment during the relevant time period charged in the Indictment and all interests and proceeds traceable thereto.

If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

      a. cannot be located upon the exercise of due diligence;

      b. has been transferred or sold to, or deposited with, a third person;

      c. has been placed beyond the jurisdiction of the Court;

      d. has been substantially diminished in value; or

      e. has been commingled with other property which cannot

be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

The above-named defendants, and each of them, are jointly and severally liable for the forfeiture obligations as alleged above.

All pursuant to Title 18, United States Code, Section 1963.

THIS IS A TRUE BILL

Dated: November 1, 2017          /s/ Grand Jury Foreperson
                                 GRAND JURY FOREPERSON

DANIEL L. LEMISCH
ACTING UNITED STATES ATTORNEY


/s/ Christopher Graveline          /s/ Jerome Gorgon
CHRISTOPHER GRAVELINE              JEROME GORGON
Chief, Violent & Organized Crime Unit   Assistant U.S. Attorney
Assistant U.S. Attorney            Jerome.gorgon@usdoj.gov
211 W. Fort Street, #2001
Detroit, Michigan 48226
(313) 226-9155
christopher.graveline2@usdoj.gov

/s/ Brandon Helms
BRANDON C. HELMS
Assistant U.S. Attorney
brandon.helms@usdoj.gov

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cove** | Case:2:17-cr-20740<br>Judge: Drain, Gershwin A.<br>MJ: Stafford, Elizabeth A.<br>Filed: 11-01-2017 At 09:35 AM<br>INDI USA v. SEALED (SO) |

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complet

| **Companion Case Information** | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes    ☒ No | AUSA's Initials: _CC_ |

**Case Title:** USA v.  Korey Sanders, et al.

**County where offense occurred :**  Wayne County and Elsewhere

**Check One:**    ☒ Felony          ☐ Misdemeanor          ☐ Petty

    ✓ Indictment/_____Information --- **no** prior complaint.
    _____Indictment/_____Information --- based upon prior complaint [Case number: _____]
    _____Indictment/_____Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** _____         **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|

See Attachment

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

November 1, 2017
Date

Christopher Graveline
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone: 313-226-9195
Fax:    313-226-3265
E-Mail address: Christoper.Graveline2@usdoj.gov
Attorney Bar #:  P69515

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA       NO.

       v.                        HON.

| | | |
|---|---|---|
| D-1 | KOREY SANDERS,<br>a/k/a "No Loan Corleon,"<br>"Staxs" | 18 U.S.C. § 1962(d);<br>18 U.S.C. § 1959(a)(3);<br>18 U.S.C. § 924(c)(1)(A)(ii);<br>18 U.S.C. § 924(c)(1)(A)(iii); |
| D-2 | JERRAY KEY,<br>a/k/a "Chino," "Dre" | 18 U.S.C. § 922(a)(1)(A);<br>18 U.S.C. § 2 |
| D-3 | DESHAWN LANGSTON,<br>a/k/a "Pook," "Slips" | |
| D-4 | RICHARD LANGSTON,<br>a/k/a "Dub," "Rich," "Blow" | |
| D-5 | HAKEEM BUNNELL,<br>a/k/a "LB Dub" | |
| D-6 | KEENAN NIELBOCK,<br>a/k/a "Dolla," "Keno" | |
| D-7 | CARAUN KEY,<br>a/k/a "Luch," "Ron," "Slick" | |
| D-8 | DARRYL KEY,<br>a/k/a "DB," "Big Baby" | |
| D-9 | TYREE WILLIAMS,<br>a/k/a "Snoop" | |
| D-10 | ROMALE GIBSON,<br>a/k/a "Santana" | |
| D-11 | CARY DAILEY,<br>a/k/a "Cease" | |
| D-12 | ANTONIO LANGSTON,<br>a/k/a "Tone" | |
| D-13 | CARLOS DAVIS,<br>a/k/a "Los," "Loso" | |

_____/