IN THE UNITED STATES DISTRICT COURT
FOR THE
__Eastern__ DISTRICT OF __Michigan__

__Korey Sanders__, §
              Petitioner, §
v. §
               §
UNITED STATES OF AMERICA, §
              Respondent. §

FILE NUMBER: __17-cr-20740-1__

Honorable __Gershwin A. Drain__
United States District Judge

**Motion For Judicial Recommendation To The Federal Bureau Of Prisons For 12 Months RRC Placement – Six Months Halfway House And Six Months Home Confinement**

NOW COMES __Korey Sanders__, (Hereinafter "Petitioner"), pro se, requesting from this Honorable Court, a Judicial Recommendation according to the Federal Court Rules and in support of his Motion states the following:

1. Petitioner was convicted of __1962-D RICO Conspiracy__ and other related charges which resulted in a __72__ Month sentence which he is now serving.

2. Petitioner moves this Court to exercise its jurisdictional authority and make a post-sentencing Judicial Recommendation for Petitioner's 12 months RRC Placement – Six Months Halfway House and Six Months Home Confinement.

3. This Court is authorized to make a recommendation after sentencing because tie recommendation is just that - a recommendation. See **United States v. Baker**, No. 3:010cr-94-01-MHT, 2013 U.S. Dist. Lexis 11418, 2013 WL 355867, at* 1 (MD Ala. Jan 29,

Case 2:17-cr-20740-GAD-EAS ECF No. 746, PageID.4341 Filed 05/03/21 Page 2 of 6

Page 2 of 5

2013)(recognizing the Court's authority to make a post-sentencing recommendation relating to confinement); **United States v. Palacious**, No. 05-cr-2203 IEG, 2007 U.S. Dist. Lexis 65644, 2017 W> 2410389, at *3 (SD Cal July 12, 2017)(same). By making a post-sentencing recommendation, the Court is not modifying or correcting defendant's sentence. See 18 U.S.C. 3624(c) (identifying acceptable reasonable reason to modify a sentence of imprisonment.

4. A Court's recommendation on place of confinement is not part of the sentence imposed. **Fajri v. Leavenworth**, No. 04-3311-RDR, 2005 U.S. Dist. Lexis 49681, 2005 WL 2035047, at *1 (D. Kan. Aug. 2005)(citing **Prows v. Fed. Bureau of Prison**, 981 F.2d 466, 468-69 n.3 (10th Cir. 1992)). The Bureau of Prisons is responsible for deciding whether to place a prisoner in RRC. See 18 U.S.C. 3624(C)(6)(A). But in making this decision, the Bureau of Prison may consider any recommendation made by the sentencing Court. See 18 U.S.C. 3631(B)(4)(B).

5. Title 18 Section 3621(b) of the United States Code provides that the Bureau of Prisons has the discretion to place an inmate into "any available penal or correctional facility, including an RRC placement, and to direct the transfer of an inmate from one penal correctional facility to another" at any time. In determining which facility to place the inmate in, the FBOP must consider:

> (1) The resources of the facility contemplated; (2) The nature and circumstances of the offense; (3) The history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence-(a) Concerning the purpose for which the sentence of imprisonment was determined to be warranted; or (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) or title 28.18.

6. Section 3624(c), on the other hand, deals exclusively with placement of prisoner during the final portion of the sentence. It Provides:

> The Director of the FBOP must, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months) under conditions that will afford the prisoner a reasonable opportunity to adjust and prepare for reentry of that prisoner into the community. Such condition may include a community correctional facility. In administering 3624(c), courts consider the statutory factors outlined in 18 U.S.C. 3621(b).

7. Many courts have made post-sentencing Judicial Recommendations. See **United States v. Brattin**, 2016 U.S. Dist. Lexis 11222, 2016 WL 4467897; **Unites States v. Bartels**, 2016 U.S. Dist. Lexis 164056, 2016 WL 6956796; **United States v. Baker**, 2013 U.S. Dist. Lexis 11418, 2013 WL 355867, at 1-2; and **United States v. Qadri**, 2017 U.S. Dist. Lexis 38716, 2017 WL 1011663 at 1-2.

## REASONS TO GRANT PETITIONER'S REQUEST

It is within this Court's jurisdictional authority, under 18 U.S.C. 3621(B)(5), to make a recommendation that an incarcerated person serve part of his imprisonment within a Community correctional facility.

Here, Petitioner requests a post-sentencing Judicial Recommendation to the Bureau of Prisons that Petitioner serve the last 12 Months of his sentence within a halfway hours / RRC Placement, and/or home confinement so that he can reestablish himself by obtaining gainful employment and saving enough money to secure housing, clothing, transportation, food and basic necessities.

Upon Petitioner's release, he will be __30__ years old and this is his opportunity to become a productive member of society and a better <u>Husband / Father / Son</u> to his family.

While in prison, Petitioner has worked towards his goal of Staying Sober and Preparing to Provide a stable home. To do so, Petitioner has participated in the following programs: <u>(G.E.D. and maintained my sobriety by participating in AA, NA, and RDAP) RDAP (drug treatment), (Victim Impact), (Money Management), (Creative Writing) (anger management)</u>

Petitioner invites this Court to review his prison conduct and programming history; and, if this court agrees that Petitioner is a good candidate for RRC placement and/or home confinement (based on rehabilitation; his family circumstances; and his desire to reenter society successfully), Petitioner requests the Court GRANT this motion.

## RELIEF REQUESTED

Wherefore Petitioner respectfully Requests this Court GRANT this Motion and: (1) Issue a Judicial Recommendation to the FBOP for 12 months of RRC placement – Six Months Halfway House and Six Months Home Confinement; and (2) Any other Recommendation that this Court deems reasonable.

Sincerely Submitted,

_Korey Sanders_   56113-039
ID#

Federal Correctional Institution
PO BOX 1000
Oxford, Wisconsin 53952

## DECLARATION UNDER THE PENALTY OF PERJURY

I, __Korey Sanders__, declare under the penalty of perjury, pursuant to Title 28 U.S.C. §1746, that the foregoing is true and correct to the full extent of my knowledge and cognitive ability.

Executed on this __April__ day of __27, 2021__, 20__.

Sincerely Submitted,

__[signature]__ __56113-039__
ID#

Federal Correctional Institution
PO BOX 1000
Oxford, Wisconsin 53952

## CERTIFICATE OF SERVICE

I, __Korey Sanders__, hereby certify that I sent a true and correct copy of my __Recommendation__ to the Clerk of the Court at __Eastern district of Michigan__, on this __27__ Day of __April 2021__, 20__, by placing said motion in FCI-Oxford's Legal Mail with First Class Postage Paid.

I further swear to being In Forma Pauperis due to the limited resources and restrictions of my current confinement, and respectfully ask The Clerk of The Court to make the legally required copies, also effective service on ALL ECF RECIPIENTS requiring notice in this case.

Sincerely Submitted,

__[signature]__ __56113-039__
ID#

Federal Correctional Institution
PO BOX 1000
Oxford, Wisconsin 53952



MILWAUKEE WI 530
3 MAY 2021 PM 3 L

5/3/21

56113-039
District Court
c/o Merilyn Jones
231 W Lafayette BLVD
Detroit, MI 48226
United States

48226-270099

Korey Sanders 56113-039
Federal Correctional Institution
P.O Box 1000
Oxford, Wisconsin 53952

RECEIVED
MAY 24 2021
CLERK'S OFFICE
DETROIT